IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JANET HARRIS JEFFERSON, a single woman,<br><br>     Appellant,<br><br>    v.<br><br>SAFEWAY, INC., a foreign profit corporation doing business in the State of Washington; SUMMIT PROPERTIES AND DEVELOPMENT CO., LLC, a foreign limited liability company doing business in the State of Washington;<br><br>     Respondents,<br><br>    and<br><br>"JOHN/JANE DOES;" and "XYZ CORPORATIONS,"<br><br>     Defendants. | No. 88756-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — While shopping at Safeway, Janet Harris Jefferson encountered electrical cords on the floor, intersecting the path to the bread aisle. Jefferson attempted to step over the cords, but she caught her trailing foot on the cords and fell. Jefferson initiated a complaint against Safeway for negligence. Safeway moved for summary judgment. The court concluded that Jefferson saw the cords on the floor, appreciated the risk involved with stepping over the cords,

and she assumed the risk.  Accordingly, the court granted Safeway's motion.  Jefferson appeals.  Finding no error, we affirm.

FACTS

In April 2021, Janet Harris Jefferson was grocery shopping at Safeway.  After picking up a cake from the bakery counter, Jefferson turned to go to the bread section, which was about four steps away.  Between Jefferson and the bread section, two large extension cords ran across the floor.  The extension cords were turquoise with a yellow stripe and were taped together.  Jefferson saw the extension cords and noted there was no way to walk around the cords to get to the bread section.  Jefferson decided to step over the cords.  She stepped first with her right foot and had no trouble.  As she lifted her left foot over the cords, her toe caught on the cords and she fell.

Jefferson initiated a negligence action against Safeway.  Safeway moved for summary judgment, claiming that even if Jefferson could establish the elements of her claim, any duty owed by Safeway was negated by Jefferson's assumption of the risk.  During a deposition, Jefferson explained how she tripped:

> I would say I misjudged and didn't lift my leg up high enough, because the tip of my toe, the tip, you know, is what—what caught it.  So if I had just stepped over a little bit higher and—or either—I probably should have stepped on it, but I didn't want to do that, you know.  But, yeah, my—my foot caught it, then there I go.

At the summary judgment hearing, Safeway contended Jefferson's description of the event demonstrates she was aware of the risks involved with stepping over the cords and chose to incur that risk.  Jefferson countered that whether she

appreciated the risk was a question of fact and summary judgment was not appropriate.

The court granted Safeway's motion, noting "[t]ripping hazards are one of the fundamental dangers of biped mobility," and "[i]t is undisputed [Jefferson] stepped over [the cords] (to avoid tripping)." The court concluded that Jefferson was aware of and appreciated the danger and she assumed the risk. Jefferson appeals.

ANALYSIS

Standard of Review

We review a motion for summary judgment de novo. *Est. of Essex by & through Essex v. Grant County Pub. Hosp. Dist. No. 1*, 3 Wn.3d 1, 9, 546 P.3d 407 (2024). The party moving for summary judgment bears the " 'initial burden of showing the absence of an issue of material fact . . . then the inquiry shifts to the party with the burden of proof at trial.' " *Galassi v. Lowe's Home Centers, LLC*, 4 Wn.3d 425, 434, 565 P.3d 116 (2025) (alteration in original) (quoting *Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225-26, 770 P.2d 182 (1989)). "A material fact is one that affects the outcome of the litigation." *Owen v. Burlington N. and Santa Fe R.R. Co.*, 153 Wn.2d 780, 789, 108 P.3d 1220 (2005). All evidence and reasonable inferences are considered in the light most favorable to the nonmoving party. *Galassi,* 4 Wn.3d at 434. If "no genuine dispute as to any material question of fact" exists, the moving party is entitled to summary judgment as a matter of law. *Est. of Essex*, 3 Wn.3d at 9; CR 56(c).

<u>Assumption of the Risk</u>

Jefferson contends the trial court erred when it granted Safeway's motion for summary judgment because an issue of material fact existed concerning whether Jefferson appreciated the specific risk posed by the cords.[1]  Because the danger was open and obvious, Jefferson admits that she saw the danger, and a reasonable person would understand the risks associated with stepping over an extension cord, we conclude the trial court did not err when it granted Safeway's motion.

To prevail on a negligence claim, the plaintiff must establish four elements: duty, breach, proximate cause, and resulting harm.  *Zorchenko v. City of Federal Way*, 31 Wn. App. 2d 390, 396, 549 P.3d 743, *review denied*, 3 Wn.3d 1026 (2024).  In a premise liability case, the scope of a duty owed by a possessor of property is determined by the plaintiff's status.  An invitee is "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land."[2]  RESTATEMENT (SECOND) OF TORTS, § 332 (Am. L. Inst.1965).

Washington courts have adopted *Restatement (Second) of Torts*, § 334 for the standard to determine the duty of care owed by a possessor of property to an invitee:

> A possessor of land is subject to liability for physical harm caused
> to his invitees by a condition on the land if, but only if, he

---

[1]  Jefferson also claims that issues of fact exist as to whether the cords were adequately marked and whether an alternative route existed, but for purposes of this motion, Safeway accepts Jefferson's description of events.

[2]  Safeway does not contest Jefferson was an invitee.

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

*Phillips v. Greco*, 7 Wn. App. 2d 1, 5, 433 P.3d 509 (2018) (citing RESTATEMENT (SECOND) OF TORTS, § 334 (1965)). Generally, this means that an owner or possessor of property has "a duty of reasonable care to make the land safe for entry." *Eylander v. Prologis Targeted U.S. Logistics Fund, LP*, 2 Wn.3d 401, ¶12, 539 P.3d 376 (2023). But, this duty is not limitless: "Such a duty does not render a landowner 'a guarantor of safety—even to an invitee.' " *Eylander*, 2 Wn.3d at ¶12 (quoting *Mucsi v. Graoch Assocs. Ltd. P'ship No. 12*, 144 Wn.2d 847, 860, 31 P.3d 684 (2001)).

When a condition is "known or obvious," the possessor of land is not liable unless the possessor "should anticipate the harm despite such knowledge or obviousness." *Iwai v. Emp. Sec. Dep't*, 129 Wn.2d 84, 94, 915 P.2d 1089 (1996) (quoting RESTATEMENT § 343A). A possessor should anticipate harm where they " 'ha[ve] reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable [person] in [that] position the advantages of doing so would outweigh the apparent risk.' " *Iwai*, 129 Wn.2d at 94 (some alterations in original) (quoting RESTATEMENT § 343A cmt. f).

Even where a possessor of land owes a duty of care, they may raise "assumption of the risk" as an affirmative defense. *See Wright v. 3M Company*, 1 Wn.3d 795, 803, 533 P.3d 113 (2023). The doctrine of assumption of the risk

is divided into four classifications: (1) express; (2) implied primary; (3) implied reasonable; and (4) implied unreasonable. *Scott v. Pac. W. Mountain Resort*, 119 Wn.2d 484, 496, 834 P.2d 6 (1992). Express and implied primary assumption of the risk are complete bars to recovery. *Scott*, 119 Wn.2d at 496-97.

Express assumption of the risk and implied primary assumption of the risk arise when "a plaintiff has consented to relieve the defendant of a duty to the plaintiff regarding specific known risks." *Kirk v. Wash. State Univ.*, 109 Wn.2d 448, 453, 746 P.2d 285 (1987). The difference between the two depends on the type of consent given by the plaintiff: affirmative and, presumably, bargained upon (express) or consent without an express agreement (implied primary). *Kirk*, 109 Wn.2d at 453. Both express and implied primary assumption of the risk require that the plaintiff "have knowledge of the risk, appreciate and understand its nature, and voluntarily choose to incur it." *Shorter v. Drury*, 103 Wn.2d 645, 656, 695 P.2d 116 (1985). Whether the plaintiff knew of and appreciated the risk is a subjective test: "Whether the plaintiff in fact understood the risk; not whether the reasonable person of ordinary prudence would comprehend the risk." *Shorter*, 103 Wn.2d at 656-57. "Knowledge and voluntariness are questions of fact for the jury unless reasonable minds could not differ." *Barrett v. Lowe's Home Ctrs., Inc.*, 179 Wn. App. 1, 5, 324 P.3d 688 (2012).

Conversely, implied reasonable and unreasonable assumption of the risk focus "not so much upon the duty and negligence of the defendant as upon the

further issue of the objective unreasonableness of the plaintiff's conduct in assuming the risk." *Kirk*, 109 Wn.2d at 454. Implied reasonable and unreasonable assumption of the risk occur where " 'the plaintiff is aware of a risk that already has been created by the negligence of the defendant, yet chooses voluntarily to encounter it.' " *Scott*, 119 Wn.2d at 499 (quoting *Leyendecker v. Cousins*, 53 Wn. App. 769, 773-74, 770 P.2d 675 (1989)). Implied reasonable and unreasonable assumption of the risk are treated as forms of comparative negligence and do not create a complete bar to recovery. *Scott*, 119 Wn.2d at 497.

To determine whether a plaintiff's conduct is merely negligent and covered by comparative fault rules or manifests a consent to accept the entire risk and bar recovery, Washington courts examine the scope of consent. *Barrett*, 179 Wn. App. at 6. If the plaintiff "impliedly consented to the risks inherent in participating in a particular activity," assumption of the risk is a full bar to recovery, but "[w]hen the defendant's negligent acts increase the risks, then the plaintiff is not assumed to have consented to those additional risks." *Barrett*, 179 Wn. App. at 6.

Here, the extension cords were an open and obvious danger, Jefferson had knowledge and appreciation of the risk of stepping over the cords, and she voluntarily chose to accept the risk. Jefferson does not dispute that she saw the extension cords, but she claims she did not appreciate the specific risk of stepping over the cords. However, during her deposition, Jefferson stated the

reason she tripped was because she "misjudged and didn't lift [her] leg up high enough." Jefferson recognized that had she "just stepped over a little bit higher," she likely wouldn't have tripped. Jefferson also admitted she "probably should have stepped on" the cords instead of stepping over them. A risk of tripping is inherent anytime one walks on or steps over something, and Jefferson's testimony is clear that she understood and assumed this risk. No additional risks created by Safeway and unanticipated by Jefferson were present; accordingly, Jefferson assumed the entire risk of her actions and comparative fault does not apply.

Jefferson also maintains Safeway is liable because it should have anticipated the harm the cords could cause despite their obviousness. But reading § 343A in its entirety makes clear that Safeway "may reasonably assume that members of the public will not be harmed by known or obvious dangers which are not extreme, and which any reasonable person exercising ordinary attention, perception, and intelligence could be expected to avoid." RESTATEMENT § 343A cmt. g. The comment goes on to say "[t]his is true particularly where a reasonable alternative way is open to the visitor, known or obvious to him, and safe." RESTATEMENT § 343A cmt. g. The extension cords were not an extreme danger, and despite Jefferson claiming there was no alternative route to the bread aisle, Jefferson could have asked a Safeway employee for assistance or avoided the section altogether—she did not have to step over the cords.

Jefferson cannot show a genuine issue of material facts exists, and the trial court did not err when it granted Safeway's motion for summary judgment and dismissed Jefferson's action.

We affirm.

WE CONCUR: